UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARTEMIZ ADKINS,

    Petitioner,

v.

GARRETT ADKINS,

    Respondent.

Case No. 19-cv-05535-HSG

**ORDER REGARDING MOTION FOR TEMPORARY RESTRAINING ORDER**

Re: Dkt. No. 6

Pending before the Court is Petitioner Artemiz Adkins' Motion for a Temporary Restraining Order enjoining Respondent Garrett Adkins from violating the Hague Convention on the Civil Aspects of International Child Abduction[1] pending a preliminary injunction hearing. *See* Dkt. No. 6. Petitioner, who resides in Switzerland, seeks the return of their four-year-old daughter, A.F.A. *See* Dkt. No. 6 at 1–2; Dkt. No. 8 ¶¶ 2–4, 7, 10, 12. Petitioner alleges that Respondent, who resides in California, has wrongfully retained their daughter during one of A.F.A.'s trips to the United States to visit Respondent in July 2019. *Id.*

A temporary restraining order is an "extraordinary remedy" that the court should award only upon a clear showing that the party is entitled to such relief. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Such an order may be issued only where the moving party has established: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the moving party's favor; and (4) that an injunction is in the public interest. *See id.* at 22. Additionally, as relevant to this case,

---

[1] *See* the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, 19 I.L.M. 1501, as implemented by the International Child Abduction Remedies Act, codified at 42 U.S.C. §§ 11601, *et seq.*

a court may issue a temporary restraining order without notice to the adverse party "only if . . . the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).

On the record presented, the Court cannot conclude that the requirements of Federal Rule of Civil Procedure 65 are met so as to permit issuance of a temporary restraining order without notice to Respondent. *See id.* Having reviewed Petitioner's motion and supporting documents, the Court finds there is nothing in the record indicating (1) that Petitioner attempted to give Respondent notice of the pending motion; and (2) why notice should not be required in this instance.

Accordingly, Plaintiff is **DIRECTED** to serve the documents submitted to the Court under Docket Numbers 6, 7, 8, and 9 (the Motion for a Temporary Restraining Order and its supporting documents) and Docket Number 16 (this order) on Respondent by no later than 5:00 p.m. PST on Monday, September 9, 2019. Petitioner may serve these documents by electronic mail. Petitioner further **SHALL** contact attorney Sandra M. Acevedo – who represented Respondent in a case related to this matter in Sonoma County Superior Court – to determine if she will accept service of the temporary restraining order papers and this order. *See* Dkt. No. 8-5, Ex. E.

Should Respondent oppose the relief sought by Petitioner, he **SHALL** file a response with this Court by no later than Wednesday, September 11, 2019. The Court will notify the parties whether a hearing will be held.

**IT IS SO ORDERED.**

Dated: September 6, 2019

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge