UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTEMIZ ADKINS, <br>     Petitioner, <br> v. <br> GARRETT ADKINS, <br>     Respondent. | Case No. 19-cv-05535-HSG <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR TEMPORARY RETRAINING ORDER** <br> Re: Dkt. No. 6 |

Pending before the Court is Petitioner Artemiz Adkins' Motion for a Temporary Restraining Order ("TRO") enjoining Respondent Garrett Adkins from violating the Hague Convention on the Civil Aspects of International Child Abduction ("Convention"), as implemented by the International Child Abduction Remedies Act ("ICARA"), pending a preliminary injunction hearing. *See* Dkt. No. 6. For the reasons detailed below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

I. **BACKGROUND**

Petitioner, who resides in Switzerland, seeks the return of her and Respondent's four-year-old daughter, A.F.A. *See* Dkt. No. 1. According to Petitioner's Verified Complaint and Petition for Return of Child Under 16 Years Old, Petitioner and Respondent agreed that, following their separation in December 2018, A.F.A. would continue to live in Switzerland with Petitioner and A.F.A. would begin kindergarten there. *Id.* ¶ 13. Petitioner alleges that despite this agreement, Respondent, who now resides in California, wrongfully retained their daughter during one of A.F.A.'s trips to the United States to visit Respondent in July 2019. *See* Dkt. No. 1 at ¶¶ 12–14.

In her accompanying TRO motion, Petitioner requests several forms of relief, including (1) ordering the immediate return of A.F.A. to Switzerland; or in the alternative, (2) enjoining

Respondent from removing A.F.A. from the jurisdiction of the Court pending an expedited hearing on preliminary injunction and the merits of this action. *See* Dkt. No. 6 at 2.

Because when the motion was filed Petitioner had not provided notice to Respondent of the motion or otherwise complied with Federal Rule of Civil Procedure 65, the Court directed (1) Petitioner to serve the motion, its supporting documents, and the Court's order on Respondent; and (2) Respondent to file an expedited response. *See* Dkt. No. 16. Petitioner served Respondent on September 9, 2019. *See* Dkt. Nos. 17–22. Respondent, in turn, filed his opposition to the motion on September 11, 2019. *See* Dkt. Nos. 23, 24. In his opposition, Respondent contends that A.F.A. has split time equally between California and Switzerland since the parties' separation; he is domiciled in Petaluma, California; and he will stipulate to an order that he not remove A.F.A. from California during the pendency of this action. *See* Dkt. No. 23 at ¶¶ 6, 10; *id.* at 6 ("Response to Orders Requested.").

## II. ANALYSIS

A court exercising jurisdiction under ICARA "may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition." 22 U.S.C. § 9004(a). That authority extends to issuing a temporary restraining order where the requirements of Federal Rule of Civil Procedure 65(b) are satisfied. Under Rule 65(b), a party seeking a temporary restraining order must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury if the requested relief is not granted; (3) that a balancing of the hardships weighs in its favor; and (4) that the requested relief will advance the public interest. *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).

Here, Respondent has conceded that an order enjoining him from removing A.F.A. from the jurisdiction of this Court would be appropriate. *See* Dkt. No. 23 at 6 ("Response to Orders Requested"). The Court agrees that such minimally burdensome relief ensures that Petitioner's Hague Convention claim and her underlying custody rights may be meaningfully adjudicated. Nevertheless, the Court does not find, based on the record before it, that Petitioner has adequately shown a likelihood of irreparable injury if A.F.A. is not immediately returned to Switzerland

pending a hearing on a preliminary injunction and the merits of the Verified Complaint. Respondent currently lives in Petaluma, California, where he has substantial family ties, *see* Dkt. No. 23 at ¶ 6, and has complied with all Court orders and court-imposed deadlines to date. Petitioner has not alleged any facts to suggest that Respondent has taken—or will take—any effort to conceal A.F.A.'s whereabouts or otherwise harm her well-being during the pendency of this action.

### III. CONCLUSION

Accordingly, the Court **ORDERS** as follows:

- Petitioner's Motion for a Temporary Restraining Order is hereby **GRANTED IN PART** such that Respondent Garrett Adkins is prohibited from directly or indirectly removing A.F.A. from the Northern District of California, until further order of the Court;
- The Court finds that there is no reasonable likelihood of harm to Respondent from being wrongfully enjoined, and therefore orders that Petitioner is not required to give security pursuant to Federal Rule of Civil Procedure 65(c);
- Respondent is **ORDERED** to show cause why the relief requested in the Verified Complaint and Petition, Dkt. No. 1, including the return of the parties' minor child to Switzerland, should not be granted. Respondent shall file his response to this Order in writing by September 20, 2019, at 5:00 p.m.;
- The parties shall appear before this Court on Monday, September 23, 2019, at 10:00 a.m., for a hearing on this Order to Show Cause. At the hearing, the Court will also determine whether any evidentiary hearing or further proceedings may be necessary;
- Respondent is further **ORDERED** to bring A.F.W.'s passport and any other identification and/or travel documents to the hearing;

//
//
//

- The Court otherwise **DENIES** Petitioner's motion for a temporary restraining order.

**IT IS SO ORDERED.**

Dated: September 13, 2019

*(signature)*
HAYWOOD S. GILLIAM, JR.
United States District Judge